# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MARCUS BROADWAY,** | ) |
| Petitioner, | ) ) ) |
| vs. | ) CIVIL NO. 08-cv-319-DRH ) |
| **B. A. BLEDSOE,** | ) ) ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner is currently an inmate in the United States Penitentiary in Marion, Illinois. At issue in this action is a Bureau of Prisons' policy governing early release of inmates who successfully complete a residential substance abuse program. In reliance upon a recent decision by the Ninth Circuit Court of Appeals, Petitioner contends that the B.O.P. violated provisions of the Administrative Procedures Act in promulgating certain policies. *See Arrington v. Daniels*, 516 F.3d 1106 (2008). As summarized by the Ninth Circuit,

> The relevant statute provides that the Bureau may reduce by up to one year the prison term of an inmate convicted of a nonviolent felony if the prisoner successfully completes such a program. 18 U.S.C. § 3621(e)(2)(B). The Bureau's implementing regulation categorically excludes from eligibility for early release under the law those whose "current offense is a felony.... [t]hat involved the carrying, possession, or use of a firearm or other dangerous weapon or explosives[.]" 28 C.F.R. § 550.58(a)(1)(vi)(B)(2000). The question presented is whether the Bureau of Prisons violated Section 706(2)(A) of the Administrative Procedure Act ("APA") when it promulgated this regulation. We hold that it did.

*Id.* at 1108-09.

The *Arrington* decision was issued on February 20, 2008; to date, the Court finds record of just two district court cases citing this decision in a positive manner, although neither case deals with the specific question presented in *Arrington*.[1] Conversely, the only other opinion on record to date, which addresses the same issue presented in *Arrington* and the instant case, disagrees with *Arrington*. *See Gatewood v. Outlaw*, 2008 WL 2002650 (E.D.Ark., May 8, 2008).

**IT IS HEREBY ORDERED** that Respondent shall, within twenty-three (23) days of receipt of this application for Writ of Habeas Corpus, answer and show cause why the writ should not issue. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois, shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to a United States Magistrate Judge for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be referred to a United States Magistrate Judge for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

**IT IS SO ORDERED.**

**DATED: June 12, 2008.**

    /s/    DavidRHerndon
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

---

[1] *See Tobon v. Gonzales*, 2008 WL 565205 (D. Ariz., Feb. 28, 2008), and *Nader v. Cronin*, 2008 WL 1932284 (D. Hawaii, May 1, 2008).