IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MARCUS BROADWAY,

Petitioner,

v.

B.A. BLEDSOE,

Respondent.                                                  No. 08-CV-319-DRH

**ORDER**

**HERNDON, Chief Judge:**

Before the Court is Petitioner's "Motion to Dismiss Without Prejudice." (Doc. 15). In the Motion, Petitioner explains that he qualifies for a transfer to a different facility located outside this Court's jurisdiction and nearer his family, but that he cannot transfer because of this pending matter. The Respondent filed a response indicating he has no objection to allowing Petitioner to dismiss the case. (Doc. 16). Petitioner, who is proceeding *pro se*, did not cite the Rule of Civil Procedure pursuant to which he is moving. However, given the procedural posture of the case and taking into account Petitioner's *pro se* status, the Court will construe this Motion as one pursuant to Federal Rule of Civil Procedure 41(a)(2).

It is within the court's sound discretion in deciding whether to permit a plaintiff to voluntarily dismiss an action pursuant to Rule 41(a)(2). ***Tolle v. Carroll Touch, Inc.***, 23 F.3d 174, 177 (7th Cir. 1994); ***Tyco Laboratories, Inc. v. Koppers Co., Inc.***, 627 F.2d 54, 56 (7th Cir. 1980). In deciding whether to grant a Rule 41(a)(2) motion to dismiss, a court may consider a variety of factors,

including: (1) a defendant's effort and resources already expended in preparing for trial; (2) excessive delay and lack of diligence on the part of plaintiff in prosecuting the action; (3) insufficient explanation for the need of a dismissal; and (4) whether a summary judgment motion has been filed by defendant. **Tyco Laboratories, 627 F.2d at 56**.

This case remains in the relatively early stages. Respondent filed a response seeking a dismissal of the Petition, but otherwise most of the record concerns Petitioner's various efforts to have counsel appointed to represent him. Moreover, as already pointed out, Respondent stated he is not opposed to a voluntary dismissal. Thus, the Court finds that the facts weigh in favor of allowing Petitioner's request. Accordingly, the Court **GRANTS** Petitioner's Motion and **DISMISSES** the case **WITHOUT PREJUDICE**, with each party to bear its own costs. All other pending motions are **DENIED** as **MOOT**.

    **IT IS SO ORDERED.**

Signed this 29th day of July, 2009.

/s/ *DavidRHerndon*
**Chief Judge**
**United States District Court**